Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

————

Filed October 28, 2003

No. 01-5387

BRETT C. KIMBERLIN AND DARRELL RICE,
APPELLANTS

v.

UNITED STATES DEPARTMENT OF JUSTICE AND
BUREAU OF PRISONS,
APPELLEES

————

Appeal from the United States District Court
for the District of Columbia
(No. 97cv02633)

————

On Appellants' Petition for Rehearing En Banc

————

**BEFORE**: GINSBURG, *Chief Judge*; EDWARDS, SENTELLE, HENDERSON, RANDOLPH, ROGERS, TATEL and GARLAND, *Circuit Judges.*

## O R D E R

Appellants' petition for rehearing en banc and the response thereto have been circulated to the full court. The taking of a vote was requested. Thereafter, a majority of the judges of

the court in regular, active service did not vote in favor of the petition.   Upon consideration of the foregoing, it is

ORDERED that the petition be denied.

*Per Curiam*

**FOR THE COURT:**

Mark J. Langer, Clerk


A statement by *Circuit Judge* Tatel concurring in the denial of rehearing en banc is attached.

TATEL, *Circuit Judge*, concurring in the denial of rehearing en banc:

Because the panel now rests its decision on *Turner v. Safley*, 482 U.S. 78 (1987), rather than on the proposition that the government may refuse to provide inmates the infrastructural prison resources necessary for the exercise of their First Amendment rights without triggering constitutional scrutiny, the panel has cured its opinion's most serious defect. Although the panel's alternative holding is also flawed, *see Kimberlin v. United States Dep't of Justice*, 318 F.3d 228, 241–42 (D.C. Cir. 2003) (Tatel, J., dissenting), given its extraordinarily narrow scope—applying as it does to only electric guitars—and given that the Federal Rules of Appellate Procedure disfavor en banc review, *see* Fed. R. App. P. 35(a) (court generally denies full court consideration unless needed to preserve uniformity or case involves issue of "exceptional importance"), I concur in the denial of rehearing en banc.